**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CASSIANNA BELL, Administrator of the Estate of Diane Denise Bell,** | CASE NO. 5:25-cv-02661-JRA |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| vs. | MAGISTRATE JUDGE AMANDA M. KNAPP |
| **INNER PEACE EVER LIGHT HOME CARE LLC, et al.,** | **(JURY DEMAND ENDORSED HEREON)** |
| Defendants. | |

## ANSWER OF DEFENDANT DEVELOPMENTAL DISABILITIES BOARD, SUMMIT COUNTY, OHIO, TO PLAINTIFF'S COMPLAINT

Now comes Defendant Developmental Disabilities Board, Summit County, Ohio ("DD Board"), by and through its counsel Co-Trial Attorneys Richard A. Williams, Esq. (0013347) and Susan S. R. Petro, Esq. (0050558) and for its Answer to Plaintiff's Complaint states as follows:

1. Answering paragraph 1 of Plaintiff's Complaint, DD Board states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

2. Answering paragraph 2 of Plaintiff's Complaint, DD Board admits the allegations contained therein.

3. Answering paragraphs 3, 4, 5, 6, 7, and 8 of Plaintiff's Complaint, DD Board states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

4. Answering paragraph 9 of Plaintiff's Complaint, DD Board admits the allegations contained therein.

5. Answering paragraphs 10, 11, and 12 of Plaintiff's Complaint, DD Board states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

6. Answering paragraph 13 of Plaintiff's Complaint, DD Board realleges and reavers all previous answers as though fully rewritten herein.

7. Answering paragraphs 14, 15, 16, 17, 18, 19, 20, and 21 of Plaintiff's Complaint, DD Board states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

8. Answering paragraph 22 of Plaintiff's Complaint, DD Board denies that it develops Individual Service Plans for individuals in health care facilities.  Further answering said paragraph 22, DD Board admits the remaining allegations contained therein.

9. Answering paragraph 23 of Plaintiff's Complaint, DD Board denies the allegations contained therein.

10. Answering paragraphs 24, 25, 26, 27, and 28 of Plaintiff's Complaint, DD Board states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

11. Answering paragraphs 29, 29.a., 29.b., 29.c., 29.d., 29.e., 29.f., and 29.g. of Plaintiff's Complaint, DD Board denies the allegations contained therein as to it. Further answering said paragraphs 29, 29.a., 29.b., 29.c., 29.d., 29.e., 29.f., and 29.g.,

DD Board states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies same.

12. Answering paragraph 29.h. of Plaintiff's Complaint, DD Board admits that it has a duty to review information relevant to Individual Service Plans and update said Plans annually as needed. Further answering said paragraph 29.h., DD Board states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies same.

13. Answering paragraphs 30, 30.a., 30.b., 31, 31.a., 31.b., 31.c., 32, 33, and 34 of Plaintiff's Complaint, DD Board states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

14. Answering paragraph 35 of Plaintiff's Complaint, DD Board realleges and reavers all previous answers as though fully rewritten herein.

15. Answering paragraphs 36, 37, 38, 39, 40, 41, 42, 43, 43.a., 43.b., 43.c., 43.d., 43.e., 43.f., 44, and 45 of Plaintiff's Complaint, DD Board states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

16. Answering paragraph 46 of Plaintiff's Complaint, DD Board realleges and reavers all previous answers as though fully rewritten herein.

17. Answering paragraphs 47, 48, 49, 50, 51, 52, 53, 54, 55, and 56 of Plaintiff's Complaint, DD Board states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

18. Answering paragraph 57 of Plaintiff's Complaint, DD Board realleges and reavers all previous answers as though fully rewritten herein.

19. Answering paragraphs 58 and 59 of Plaintiff's Complaint, DD Board states that said paragraphs set for legal conclusions, not allegations of fact against DD Board and therefore require no response from DD Board.  To the extent that said paragraphs 58 and 59 call for or require a response from DD Board, DD Board states that they contain incomplete statements of pertinent legal authority and without disclosing attorney-client privileged information, DD Board is not competent to admit or deny the accuracy thereof.

20. Answering paragraphs 60, 61, and 62 of Plaintiff's Complaint, DD Board denies the allegations contained therein.

21. Answering paragraph 63 of Plaintiff's Complaint, DD Board states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

22. Answering paragraph 64 of Plaintiff's Complaint, DD Board denies the allegations contained therein as to it.  Further answering said paragraph 64, DD Board states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies same.

23. Answering paragraphs 65 and 66 of Plaintiff's Complaint, DD Board denies the allegations contained therein.

24. Answering paragraphs 67, 68, and 69 of Plaintiff's Complaint, DD Board denies the allegations contained therein as to it.  Further answering said paragraphs 67, 68, and 69, DD Board states that it is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained therein and therefore denies same.

25. Answering paragraph 70 of Plaintiff's Complaint, DD Board realleges and reavers all previous answers as though fully rewritten herein.

26. Answering paragraph 71 of Plaintiff's Complaint, DD Board admits the allegations contained therein.

27. Answering paragraph 72 of Plaintiff's Complaint, DD Board admits that it oversees and monitors accomplishment of Individual Service Plan goals and efforts to achieve those goals. Further answering said paragraph 72, DD Board denies the remaining allegations contained therein.

28. Answering paragraphs 73, 74, 75, and 76 of Plaintiff's Complaint, DD Board denies the allegations contained therein as to it. Further answering said paragraphs 73, 74, 75, and 76, DD Board states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies same.

29. Answering paragraph 77 of Plaintiff's Complaint, DD Board realleges and reavers all previous answers as though fully rewritten herein.

30. Answering paragraphs 78, 79, 80, 81, and 82 of Plaintiff's Complaint, DD Board states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

31. Further answering, DD Board denies every allegation, claim, cause of action and other statement – including but not limited to the prayers for relief set forth in sections A. – I. of Plaintiff's Complaint – not expressly admitted hereinabove.

5

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted as to DD Board.

2. DD Board did not violate the Fourth Amendment rights and/or other constitutional rights of Plaintiff's decedent.

3. DD Board did not violate 42 U.S.C. §1983 et seq.

4. DD Board is immune from liability on Plaintiff's Counts One (premises liability), Two (negligent hiring, supervision, and training), Four (negligence), and Five (assault and battery) under R.C. Chapter 2744.

5. Plaintiff's decedent's acts or omissions proximately caused or contributed to the accident, claims, injuries, losses, costs, and damages alleged in Plaintiff's Complaint, and therefore DD Board is not liable.

6. Plaintiff's claims are the direct and proximate result of the acts or omissions of others or unforeseeable actions, for which DD Board is not liable.

7. Plaintiff's claimed injuries, losses, costs, and/or damages were proximately caused by superseding and/or intervening causes or events, for which DD Board is not liable.

8. R.C. 2744.05 applies to Plaintiff's damages claims.

9. DD Board reserves the right to add additional affirmative defenses as they become known in the discovery process with notice being given to this Honorable Court and all counsel of record.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Developmental Disabilities Board, Summit County, Ohio prays that Plaintiff's Complaint as to it be dismissed at Plaintiff's costs and that this answering Defendant recover its costs, expenses, and any other relief as determined by the Court.

    Respectfully submitted,

    WILLIAMS & FINKBINE CO., LLC

    */s/ Richard A. Williams*
    _____
    Richard A. Williams (0013347)
    Susan S. R. Petro (0050558)
    338 South High Street, 2nd Floor
    Columbus, Ohio 43215
    614/224-0531 | 614/224-0553 Facsimile
    richardw@ohiolegalfirm.com
    susanp@ohiolegalfirm.com
    *Counsel for Defendant, Developmental*
    *Disabilities Board, Summit County, Ohio*

## JURY DEMAND

This answering Defendant requests that this case be heard by a jury of eight.

    _____
    Richard A. Williams (0013347)
    Susan S. R. Petro (0050558)

**CERTIFICATE OF SERVICE**

A copy of the foregoing document was filed electronically on the 17th day of February, 2026 using the Court's e-filing system. The system will post a record of the filing to the e-filing account "Notifications" tab of the following case participants:

Blaise R. Meeker (0093050)
MEEKER LEGAL LLC
3580 S. Arlington Road
Akron, Ohio 44312
330/603-8443 | 234/294-0170 Facsimile
blaise@meekerlegal.com
*Counsel for Plaintiff, Cassianna Bell, Administrator of the Estate of Diane Denise Bell*

Robert C. Meeker (0013019)
Ben T. Manayan, Jr.
BLAKEMORE, MEEKER & BOWLER CO, LPA
495 Portage Lakes Drive
Akron, Ohio 44319
330/253-3337 | 330/253-4131 Facsimile
rcmeeker@bmblaw.com
btmj@bmblaw.com
*Counsel for Plaintiff, Cassianna Bell, Administrator of the Estate of Diane Denise Bell*

J. Alex Quay (0085130)
Stephen L. Miller (0101656)
Heather C. Steele (0099105)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLC
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333
330/376-5300 | 330/258-6559 Facsimile
aquay@bdblaw.com
smiller@bdblaw.com
hsteele@bdblaw.com
*Counsel for Defendants, Inner Peace Ever Light Home Care LLC, Essential Housing LLC, Essentials Now LLC, Jeanette Ruffin and Lashon Wilson*

James K. Reed
209 South Main Street, Suite 801
Akron, Ohio 44308
330/762-9445 | 330/762-9446 Facsimile
reed108@hotmail.com
*Counsel for Defendant, Jarel Wooden*

                                                                             */s/ Richard A. Williams*
                                                                             Richard A. Williams (0013347)
                                                                             Susan S. R. Petro (0050558)